IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|   |   |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, <br><br> Plaintiffs, <br> v. <br><br> JTL AIR CONDITIONING & REFRIGERATION, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:16-cv-537-GBL-MSN |

## REPORT & RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 10) against Defendant JTL Air Conditioning & Refrigeration, Inc. Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against Defendant in the total amount of $4,660.67.

**I.     Procedural Background**

On May 12, 2016, Plaintiffs filed this action against Defendant for failure to pay contributions from June 2015 through March 2016 pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendant's authorized agent was served by private process server on July 2, 2016. *See* Executed Summons (Dkt. No. 5). Defendant did not enter an appearance or otherwise respond to the Complaint and, on September 12, 2016, the Clerk entered default against the Defendant. *See* Entry of Default (Dkt. No. 9). On September 16,

2016, Plaintiffs filed the instant Motion for Default Judgment (Dkt. No. 10). Defendant failed to appear at the hearing on this Motion on September 30, 2016, and the undersigned Magistrate Judge took the matter under advisement.

## II. Factual Background

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of Plaintiffs' Motion for Default Judgment.

Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") are the trustees of a multi-employer employee benefit plan, as defined by ERISA, 29 U.S.C. §§ 1002(3), (37). Compl. ¶ 1 (Dkt. No. 1). The National Pension Fund is administered in Alexandria, Virginia, and maintained by a Restated Agreement and Declaration of Trust ("Trust Agreement") and by a Collective Bargaining Agreement ("Bargaining Agreement") between the United Association Local Union No. 630 and the Defendant. *Id.*

Defendant is a Florida corporation existing under the laws of the State of Florida. Compl. ¶ 2 (Dkt. No. 1). Defendant transacts business in the State of Florida as a contractor or subcontractor in the plumbing and pipefitting industry. *Id*. At all relevant times, Defendant was an "employer in an industry affecting commerce" as defined by the LMRA, 29 U.S.C. §§ 142(1), (3) and 152(2), ERISA, 29 U.S.C. § 1002(5), (9), (11), (12), (14), and the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a. Compl. ¶ 2 (Dkt. No. 1). Defendant is a signatory to the aforementioned Bargaining Agreement with Local Union No. 630 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. *Id.* ¶ 4. As a signatory to the Bargaining Agreement, Defendant is bound by the Trust Agreement. *Id.* ¶¶ 12, 19. Under the terms of the Bargaining Agreement, Defendant agreed to pay Plaintiffs certain sums of money for each hour worked by employees of

the Defendant covered by the Bargaining Agreement. *Id.* ¶ 5. During the relevant period and continuing thereafter, Defendant employed employees covered by the Bargaining Agreement. *Id.* ¶ 6.

Defendant has failed to make $1,745.39 in contributions due to Plaintiffs on behalf of Local Union No. 630 members from June 2015 through March 2016. Compl. ¶¶ 7, 14, 16A (Dkt. No. 1). Through the instant action, Plaintiffs seek a judgment against Defendant for the payment of $1,921.27 in delinquent contributions, plus $192.13 in liquidated damages, $186.18 in interest, $1,695.00 in attorneys' fees, and $836.29 in costs pursuant to the Bargaining Agreement, Trust Agreement, ERISA, and the LMRA.[1] Mem. in Supp. of Mot. for Default J. 2 (Dkt. No. 11).

### III. Service of Process and Jurisdiction

The docket reflects that Defendant was properly served via its registered agent. *See* Executed Summons (Dkt. No. 5); *see also* Mem. in Supp. of Mot. for Default J. 1-2 (Dkt. No. 11). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. This Court has personal jurisdiction over Defendant under 29 U.S.C. §§ 185(c) and 1132(e)(2). Venue is proper under 28 U.S.C. § 1391 because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

---

1. In Count II of the Complaint, Plaintiffs seek an order enjoining violation of the terms of the employee benefit plan and requiring Defendant to submit timely contributions and reports to the Plaintiff Fund. However, Plaintiffs do not pursue this claim in their Motion for Default Judgment (Dkt. No. 10) and therefore the undersigned makes no recommendations as to Plaintiffs' request for injunctive relief.

**IV.     Legal Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in the complaint). Here, as Defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

**V.     Analysis**

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that Defendant failed to make contributions to Plaintiffs on behalf of its Local 630 employees for the period of June 2015 through March 2016. Defendant's failure to make proper contributions is in violation of the Bargaining Agreement, Trust Agreement, ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 185, and therefore Plaintiffs are entitled to default judgment in their favor and damages as detailed below.

Pursuant to the Bargaining and Trust Agreements and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest on late or unpaid contributions accruing from the date due through the date of payment; and (4) reasonable attorneys' fees and costs incurred in bringing this action.

### A.  Unpaid Contributions

In the Complaint, Plaintiffs allege that they are owed $1,745.39 in unpaid contributions for work performed from June 2015 to March 2016. Compl. ¶¶ 7, 14, 16A (Dkt. No. 1). Since filing the Complaint, Plaintiffs request that the Court find that they are owed $1,921.27 in unpaid contributions for work performed during the same time period. Mem. in Supp. of Mot. for Default J. 2 (Dkt. No. 11); Aff. of William T. Sweeney, Jr. ¶ 11 & App. (Dkt. No. 11-1). However, Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id*. (citing cases). Because the Complaint only pleads $1,745.39 in unpaid contributions, the undersigned cannot find that Plaintiffs are owed $1,921.27 in unpaid contributions, and instead finds that Plaintiffs are owed the amount pled in the Complaint. *See Bd. of Trustees v. Jordan Panel Sys. Corp.*, No. 1:15CV1554(GBL-IDD), 2016 WL 3769378, at *4 & n.3 (E.D. Va. June 7, 2016), *report and recommendation adopted,* No. 1:15CV1554(GBL-IDD), 2016 WL 3769367 (E.D. Va. July 12, 2016) (limiting the plaintiff's relief for delinquent contributions to the amount pled in the complaint and denying the higher amount sought in the motion for default judgment); *Frank Torrone & Sons, Inc.*, No. 1:04CV1109, 2005 WL 1432786, at *5 (E.D. Va. June 1, 2005) (denying plaintiffs the relief sought in a declaration in support of its motion for default judgment and limiting relief to what was pled in the complaint). Accordingly, the undersigned finds that

Defendant owes Plaintiffs $1,745.39 in unpaid contributions for work performed from June 2015 to March 2016.  Compl. ¶¶ 7, 14, 16A (Dkt. No. 1).

### B. Liquidated Damages and Interests

Article VI, Section 5, of the Trust Agreement establishing the National Pension Fund authorizes the fund to assess against a delinquent employer liquidated damages equal to 10% of the total contributions owed, and interest at a rate of 12% per annum from the date due through the date of payment.  Compl. ¶¶ 15, 16A.  Based on the Trust Agreement, Defendant owes Plaintiffs $174.54 in liquidated damages and $209.45 in accrued interest.

### C. Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable attorneys' fees and costs incurred in the collection of delinquent contributions.  The Declaration of Attorney's Fees (Dkt. No. 11-2) establishes that Plaintiffs have incurred $1,695.00 in attorneys' fees and $836.29 in costs in connection with this matter through September 16, 2016.  *See id*. ¶ 10.  The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.  Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $4,660.67.

## VI. Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of $4,660.67, plus interest on delinquent contributions continuing to accrue at a rate of twelve percent per annum until full payment is made.

**VII.    Notice**

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

October 14, 2016
Alexandria, Virginia